### The Miller Harness Company v. Bridget Flannigan.

1. ERRORS—*when will not reverse.* Errors though clearly prejudicial will not reverse if no other verdict than that rendered would have been warranted by the evidence.

Trial of right of property. Appeal from the County Court of Sangamon county; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

JOHN C. SNIGG, for appellant.

JOHN G. FRIEDMEYER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a judgment of the County Court, in a proceeding for the trial of rights of property, finding that certain household goods which had been levied upon by a constable, under an execution against Hugh Flannigan, were the separate property of appellee, the wife of the defendant in execution. The testimony of appellee showed that all the property in controversy was her individual property; that she purchased the same with money earned by her, washing and ironing for other people, and in keeping boarders. The evidence introduced by appellant did not tend, to any material degree, to establish the contrary.

Notwithstanding the question of fraud was not prop-

erly in issue in the case, the court instructed the jury at the request of appellee, that the burden of proof shifted where fraud was charged, and that unless they believed from a clear preponderance of the evidence, that appellee claimed the property in controversy for the purpose of defrauding appellant, and that the property belonged to her husband, they must find for appellee. The instruction is so palpably erroneous, for several reasons, that discussion thereof seems unnecessary. The evidence, however, so clearly established the right to the property to be in appellee, that no other verdict than the one returned would have been warranted. The error was not, therefore, sufficiently prejudicial to warrant a reversal, and the judgment will be affirmed.

*Affirmed.*